PER CURIAM.
February 12, 1962, complaint was filed against respondent, a member of The Florida Bar, subject to the provisions of its Integration Rule, charging him with professional misconduct in that he did violate Canons 11, 15 and 21 of the Canons of Professional Ethics, and Rules 1, 3 and 28 of the Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. as regularly adopted by the Florida Supreme Court, and Article XI of the Integration Rule 31 F.S.A. After notice to respondent and his counsel by registered mail, as required by the Integration Rule, the taking of testimony and other proceedings, the referee did on August 9, 1962, find respondent guilty as charged in the complaint of violations of the above rules and canons, and recommended that he be disbarred from the practice of law in the State of Florida.
The Board of Governors upon review of the referee’s report concurred in his findings and recommendations and the Board found further that the record reflects that respondent executed a stipulation compromising his client’s property rights without the client’s consent; that he failed to account for trust funds placed in his hands as the law requires though it is a fact that restitution of said funds was later made; that he failed to properly defend his client in litigation and that he knowingly permitted his client’s lawsuit to be dismissed by default. The Board of Governors took account of the restored trust funds but ordered that the respondent be disbarred from the practice of law in Florida and directed him to pay costs of this proceeding in the amount of $108.71. The judgment and the record of these proceedings were filed with the Clerk of the Supreme Court on October 19, 1962. More than thirty days have now elapsed since the Board of Governors filed its judgment and record of the proceedings in this court. No petition for review of said judgment has been filed pursuant to Rule 11.11(3) of the Integration Rule of The Florida Bar.
*557 The record, the report of the referee and judgment of the Board of 'Governors have been examined by this court pursuant to which it is ordered that the judgment of the Board of Governors of The Florida Bar, dated October IS, 1962, that the respondent, William H. Davis, be disbarred from the practice of law in Florida, is approved and the same is adopted as the judgment of this court.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW and O’CONNELL, JJ., concur.